*Massie & Chapeze, for appellant.*

*Sweeney & Ellis, for appellee.*

---

A. E. PORTER, GUARDIAN, *v.* E. P. NEAL, ET AL.

**Motion for New Trial—Conflicting Evidence.**

Where the record fails to show clearly when a motion for new trial was made, the court of appeals will presume it to have been made within the proper time.

**Conflicting Evidence.**
> When the evidence is conflicting the court of appeals will not disturb the judgment on that account.

### APPEAL FROM WARREN CIRCUIT COURT.

#### October 2, 1874.

OPINION BY JUDGE PRYOR:

The verdict of the jury was rendered on April 3, 1873 (Thursday), and the motion for a new trial, as the record recites, was made on April 6, 1873. This date was Sunday, and therefore there must be some mistake as to the day on which the motion was made. If made on the fifth, it was in time, but if on the sixth or seventh it was too late.

It could not have been made either on the fifth or seventh; and as the rule is technical, and the substantial rights of the parties cannot be affected by correcting each error as appears upon the record, we must indulge the presumption that the motion was made within proper time. The answer of the defendants is a plea of payment, and not a set-off, and therefore could be pleaded to the claim of appellant conceding that the action had been instituted in his fiduciary capacity. The petition does not show that the claim declared on is payable to appellant as a fiduciary, and the word guardian is merely a description *personae,* and there is no reason why a set-off could not have been pleaded as well as the plea of payment.

As there was conflicting proof on the question as to whether or not the parties had agreed to credit the cattle money on the note, this court would not disturb the judgment on that account. As to the rent note of Pates & Bro., the proof from both parties shows that the real amount to be credited was never ascertained, and no acceptance made of it as a payment. The parties disagreed as to the amount to be deducted from this note for the improvements, and for that reason, among others, failed to conclude that settlement.

The instruction of the court to the effect that the jury could allow no claim for rent unless the same was taken and accepted as a payment by plaintiff, would have been proper if there had been evidence upon which to base it. There was no evidence showing that this note was received as payment, but, on the contrary, the proof conduces to show that the amount of the rent had never been agreed on by reason of the disagreement in regard to the improvements. For the reasons indicated, the judgment is *reversed* and cause re-

manded with directions to award a new trial, and for further proceedings consistent with this opinion.

*H. T. Clark, for appellant.*
*J. A. Mitchell, for appellees.*